# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cr-03084-15-MDH |
| | ) | |
| SAMUEL C. GONZALEZ, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Part A (the "status-point" provision) and Part B (the "zero-point" provision) of Amendment 821 to the Sentencing Guidelines. (Doc. 627). The government has filed a response stating the application of Amendment 821 does not reduce defendant's guidelines range and therefore he is ineligible for a reduction under § 3582(c)(2). (Doc. 632).

Following a guilty plea, defendant was convicted of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). The Court calculated a total offense level 43, a criminal history score 5, a criminal history category III, and an advisory guidelines range of life imprisonment, which was constrained by the statutory maximum sentence of 240 months' imprisonment. The total criminal history score included two criminal history points because defendant committed the instant offense while under a criminal justice sentence. The Court imposed a sentence of 120 months' imprisonment, a downward departure from the advisory Sentencing Guidelines range.

As stated by the government: in general, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010)

1

(quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception: a court may modify an otherwise final term of imprisonment when a defendant was originally sentenced under a guidelines range that the Sentencing Commission has subsequently lowered and the reduction is consistent with the applicable policy statement, U.S.S.G. § 1B1.10. Dillon, 560 U.S. at 819-22. The court must recalculate the guidelines range as if the amended guideline had been in effect at the initial sentencing, leaving all other guidelines calculations unchanged. U.S.S.G. § 1B1.10(b)(1). If the guidelines range does not change, the court may not reduce the defendant's sentence. *See id.*§ 1B1.10(a)(2)(B). Even if the guidelines range does change, a court may not reduce a defendant's sentence below the amended range. See id. § 1B1.10(b)(2)(A). Notwithstanding *United States v. Booker*, 543 U.S. 220 (2005), these guidelines provisions remain mandatory. See *Dillon*, 560 U.S. at 829-30.

At the time of defendant's sentencing, § 4A1.1(d) provided that a defendant who committed the instant offense while under a criminal justice sentence should receive two additional criminal history points. See U.S.S.G. § 4A1.1(d) (2021). In 2023, the Sentencing Commission redesignated § 4A1.1(d) as § 4A1.1(e) and reduced the number of criminal history points assessed for committed the instant offense while under a criminal justice sentence. See Amendment 821, United States Sentencing Guidelines. Under the new provision, defendants who committed the instant offense while under a criminal justice sentence, and who were assessed 7 or more criminal history points, now receive just one additional criminal history point; defendants who received 6 or fewer criminal history points do not receive any additional criminal history points. See U.S.S.G. § 4A1.1(e) (2023).

The Sentencing Commission added a new § 4C1.1 to the Sentencing Guidelines: the new section provides for a two-level downward adjustment in a defendant's offense level where the

defendant received zero criminal history points and meets other criteria. See U.S.S.G. § 4C1.1(a)(1); see also Amendment 821, United States Sentencing Guidelines. The amendment became effective for newly sentenced defendants on November 1, 2023, and became retroactive for previously sentenced defendants on February 1, 2024.

Defendant is not eligible under Part A of the amendment because his Sentencing Guidelines range is unaltered by the amendment. Under the then-existing guidelines, defendant's total criminal history score was 5 and his criminal history category was III. (PSR ¶¶ 38-40.) Applying Amendment 821's change to § 4A1.1 would reduce defendant's total criminal history score to 3 and his criminal history category to II, but it would not change his Guidelines range. A total offense level 43 results in an advisory Sentencing Guidelines range of life imprisonment, irrespective of the criminal history category. See U.S.S.G ch. 5. As a result, under § 5G1.1(a), the advisory Sentencing Guidelines range would still be 240 months, the statutory maximum, prior to applying the downward departure. Because the Sentencing Guidelines range is unchanged, defendant is, accordingly, ineligible for a reduction in sentence. U.S.S.G. § 1B1.10(a)(2)(B). Defendant is not eligible under Part B of the amendment because he received criminal history points at his original sentencing.

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATED:  July 1, 2024                    _/s/ Douglas Harpool_____
                                            **DOUGLAS HARPOOL**
                                            **UNITED STATES DISTRICT JUDGE**